## Yancey v. Philadelphia Housing Authority

598

C. C. Carson, Jr, for petitioner.

J. Mistrano, I. I. Jamison, A. M. Tabas, A. J. Levin, R. S. Watson and Sklar & Pearl, for respondents.

SLOANE, P. J., January 10, 1967.—In this petition for declaratory judgment, petitioner is seeking a declaration that she is the sole legal owner of the fee simple interest in premises 2219 Nassau Street, Philadelphia, which has been condemned. The gist, therefore, of this action is to see who gets the proceeds ($4,000) of the condemnation award. Petitioner's prayer is for all of it.

The factual background leading up to this litigation is this:

Mamie Crowder, the mother of this petitioner, acquired the fee simple title of the premises in her own name, by a deed of conveyance from one Annabelle Snyder, dated September 2, 1948.

Mamie Crowder died intestate on May 16, 1950, survived by her husband, George Crowder; a son, George Crowder, Jr., a defendant here, and a daughter, Anna Yancey, this petitioner. At the time of her death, Mamie Crowder and her husband were occupy-

ing the premises; both children were adults and resided elsewhere with their respective families.

The next event was a family settlement—initially orally, subsequently reduced to writing—now lost. This family settlement meant to convey to the father the daughter's and son's intestacy interests in the premises. Albeit such an instrument was executed, it was not recorded in accordance with the recording statute of May 12, 1925, P. L. 613, as amended, 21 PS §351. Under this family settlement, the father, George Crowder, remained in possession of the premises up to the time of his death in 1959.

Prior to the death of the father, George Crowder, two judgments had been recorded against the son, George Crowder, Jr. The first judgment, in favor of City Specialty Stores, Inc. (now City Stores Co.), in the amount of $364.20, was entered on September 26, 1957, M.C., June term, 1957, no. 1297. The second judgment, in favor of City Stores Co. in the amount of $166.82, was entered on November 18, 1958, M.C., September term, 1958, no. 2567. There is no dispute over the actuality and propriety of these judgments.

In June, 1961, in consideration of the assumption and payment by his sister-petitioner herein of the debts of their father, George Crowder, Jr. entered into a written agreement releasing any interest he had in his father's estate to his sister-petitioner, including these premises, 2219 Nassau Street, Philadelphia. The orphans' court entered its adjudication 2402 of 1961 on September 25, 1961, making this agreement a part of the adjudication, awarding the premises to this petitioner.

The other judgment lien holder in these proceedings entered its judgment in favor of Snellenburg's and against George Crowder, Jr., in the amount of $166.82, on November 13, 1961, C.C., June term, 1961, no. 5170-E, subsequent to the orphans' court adjudication.

On September 24, 1962, after proper notice, the Philadelphia Housing Authority condemned and appropriated said premises. No agreement as to damages was reached, and petitioner appeared before the board of view and was awarded $4,266. The housing authority filed an appeal, but a settlement figure of $4,000 was agreed upon between petitioner and Philadelphia Housing Authority. Again, petitioner seeks to be declared the sole party entitled to the condemnation award.

Although family settlements are "favorites of the law", they are so primarily as between the parties. They cannot be utilized to defeat valid subsequent judgment creditors without notice. As early as 1826, it was so recognized:

"It is said that these brothers had a right to enter into the agreement, that one who had advanced money for the other should be paid out of the father's descended estate, because no other right had then interfered. So they had, but these agreements, to have a binding effect on others, must be in the mode pointed out by the law, and if they are not, they cannot bind the legal rights of others. . . .

"An unrecorded mortgage will not prevail against a subsequent judgment. It would be a matter of astonishment, to find the law so inconsistent, as that a man who has obtained a formal mortgage, which he neglects to record, should be postponed to a subsequent judgment; and yet, that a parol agreement, known only to the contracting parties, and established only by the oath of one of them, should prevail against such judgment. If it was in writing, it could not, or the registering act is a dead letter. That it should be set up as a parol agreement, and obtain, because it was not reduced to writing, if, when it had been reduced to writing, but not recorded, it would be void, would be an

obliquity not to be found in the law": Appeal of John Withers, 14 S. & R. 185, 193-94 (1826).

Here, the recording statute, 21 PS §351, specifically protects a subsequent bona fide judgment holder from an unrecorded instrument, as we have here. It provides:

"Section 1. Failure to record conveyance. All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages": May 12, 1925, P. L. 613, sec. 1, as amended, June 12, 1931, P. L. 558, sec. 1.

Nor can it be said that the fact that the father was in possession of the premises from the time of his wife's death until his death put any of the judgment creditors on constructive notice of the first family

settlement. The father was in joint possession with his wife prior to her death; he was entitled to the property as equally as either of his two children; he remained in possession of the premises; there was no constructive notice. The father's continued possession would no more be indicative of a right based on the unrecorded instrument than a right based on something different, namely, his prior possession and intestacy interest. See, generally, 2 A.L.R. 2d 857.

Therefore, as to the judgments against George Crowder, Jr., both of which were filed prior to the father's death and the orphans' court adjudication, held by City Stores Company (successor to City Specialty Stores, Inc.), the unrecorded family settlement of 1950 cannot take precedence or defeat them. As to the third judgment, that held by Snellenburg's: Since it was filed subsequent to the orphans' court adjudication of 1961 (the written 1961 family settlement was made a part of this adjudication), the lien holder was subject to notice of the transfer; George Crowder, Jr. no longer had any interest.

### DECREE

And now, to wit, January 10, 1967, upon consideration, it is ordered, adjudged and decreed:

1. Petitioner is declared to be not the sole party entitled to the condemnation award;

2. Defendant City Stores Company's (successor to City Specialty Stores, Inc.) prayer with regard to its judgments of September 26, 1957, and November 18, 1958, is granted;

3. Defendant City Stores Company is entitled to payment for its liens out of the proceeds of the condemnation award; and

4. Petitioner, Anna C. Yancey, also known as Annie May Yancey, is entitled to the balance of the proceeds.

Exceptions may be filed to this decree within 20 days hereof. If not filed, this decree as of course shall become final.